**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 20 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| JIE LI ZHEN, | No. 12-71868 |
| Petitioner, | Agency No. A088-459-745 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 14, 2014**

Before:     LEAVY, GOULD, and BERZON, Circuit Judges.

Jie Li Zhen, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  Our jurisdiction is

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's adverse credibility determination, based on the inconsistencies between Zhen's testimony and his asylum application regarding whether he was ever arrested, detained, and beaten by the police in China. *See id.* at 1046-47 ("Although insistencies no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight."). We lack jurisdiction to consider Zhen's contentions made for the first time in his opening brief that he may not have been familiar with the content of his declaration or that it may have been mis-translated. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to consider issues that have not been exhausted administratively). In the absence of credible testimony, Zhen's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Zhen's CAT claim also fails because it is based on the same testimony the BIA found not credible, and the record does not otherwise compel the conclusion

that it is more likely than not that he will be tortured if returned to China. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**